UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY SWAN,

    Plaintiff,                              CIVIL ACTION NO. 04-CV-74873-DT

                                              DISTRICT JUDGE JOHN FEIKENS

                                              MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant could have returned to her past work prior to March 31, 1995, when her insured status expired.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on February 28, 2002, alleging that she had been disabled and unable to work since September 1, 1992, at age 51, due to coronary artery disease, diabetes and hypertension. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on September 13, 2004, before Administrative Law Judge (ALJ) Cynthia M. Bretthauer. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the

residual functional capacity to perform medium work, including her past relevant work as a cashier, cafeteria worker and cook, prior to March 31, 1995, when her insured status expired. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed cross Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 51 years old at the time her insured status expired. She had been graduated from high school, and had been employed as a cafeteria cashier and general cook from 1971 through 2002 (TR 35, 45). As a cashier, she could alternate between sitting and standing during the workday, but rarely had to do any heavy lifting (TR 45, 205). Plaintiff maintained that she was disabled during the relevant past due to periodic dizziness, chronic headaches and severe joint pain (TR 191). These problems prevented her from sitting, standing or walking for prolonged periods (TR 195-197). While medications provided some relief, the claimant estimated that she could walk less than a block, sit for 35 minutes and stand for perhaps 10 minutes at one time (TR 195). Plaintiff explained that she performed some light household duties, such as cooking and washing the dishes, but she needed to rest periodically several times a day to help alleviate her pain and discomfort (TR 198-200).

A Vocational Expert, James Radke, classified Plaintiff's cashier and cafeteria work as light to sedentary, semi-skilled activity (TR 202). The witness testified that the need for a sit-stand option would prevent her from working as a cook (TR 203). If the claimant had been able to sit for 6 hours, stand for 6 hours and frequently carry 25 pounds prior to March

1995, the Vocational Expert opined that Plaintiff could have returned to her past work as a cashier, cook and cafeteria worker (TR 202-203).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of coronary artery disease, diabetes mellitus, and hypertension prior to the expiration of her insured status in March 1995. None of these conditions were found to be severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant was unable to frequently lift more than 25 pounds and sit or stand for longer than 6 hours in a normal workday. Nevertheless, the Law Judge found Plaintiff not disabled because she could return to her past medium work as an cook, cashier and cafeteria worker.

APPLICABLE LAW AND STANDARD OF REVIEW

The claimant has the burden of proving that she is disabled within the meaning of the Social Security Act. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990). Proof of an impairment alone is insufficient, and plaintiff must establish that the impairment precludes any substantial gainful activity. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366-67 (6th Cir. 1984). To ensure the proper evaluation of disability claims, the Commissioner promulgated a five step sequential evaluation process, briefly summarized as follows:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.

> Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.
>
> Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.
>
> Step Five: If the claimant is able to perform other work in the national economy, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§404.1520; 20 C.F.R. 416.920.  Garcia v. Secretary of HHS, 46 F.3d 552, 554 n.2 (6th Cir. 1995).  See Preslar v. Secretary of HHS, 14 F.3d 1107, 1110 (6th Cir. 1994). Throughout the evaluation process, the burden of proof remains on the claimant to show that she is not working, that she has a severe impairment or combination of impairments, and that the impairment prevents her from performing past relevant work.  Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987).  "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." Preslar, 14 F.3d at 1110.  "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy."  Id.

If the Commissioner dispositively finds that the claimant is disabled or not disabled at any point in the five step process, she does not proceed further. The Commissioner's findings, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  In evaluating the evidence, special deference is due the Commissioner's credibility determinations. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 928

(6th Cir. 1987); Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th Cir. 1978) (citations omitted).  The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 108 (6th Cir. 1989).

## INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured.  42 U.S.C. § 416(I)(2).  The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on March 31, 1995, and thus she cannot be found disabled unless she can establish a disability prior to that date.  Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982).  Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled between September 1992, the alleged onset date of disability, and March 31, 1995, when her insured status expired, in order to be entitled to DIB benefits.  Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

## DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff had retained the residual functional capacity to perform medium work, including her past relevant work as a cook, cafeteria worker and cashier, prior to the expiration of her insured status in March 1995. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling pain, headaches and hypertension.

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  20 C.F.R. § 404.1529(a) (2002); Sizemore v. Secretary of HHS, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling, if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical, or laboratory findings . Hurst v. Secretary of HHS, 753 F.2d 517, 519 (6th Cir. 1985).  A claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or other symptoms, or establishing that her medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling symptoms.  Duncan v. Secretary of HHS, 801 F.2d 847, 853 (6th Cir. 1986). In applying this standard, a reviewing court should show deference to the decision of the ALJ in assessing credibility.  Gooch v. Secretary of HHS, 833 F.2d 589, 592 (6th Cir. 1987), cert denied, 484 U.S. 1027 (1988).

The medical record prior to March 1995, contained no objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to her alleged dizziness, headaches, joint pain and cardiac difficulties. While an electrocardiogram performed in April 1994, was positive for coronary artery disease (TR 86), the record during the relevant period contained no symptoms or examination findings that demonstrated any limitation beyond that found by the Law Judge. Progress notes submitted by claimant's family physician, detailing treatment from April 1994 through March 1995, indicated that Plaintiff was seen for only occasional routine follow-up visits and conservative treatment of her diabetes, hypertension and arthritic pain in her hands and knees (TR 100-101, 166-169). Although these scant records describe various diagnoses, the ALJ properly concluded that

these conditions were not of a disabling severity during the relevant period[1].  The Law Judge also considered the opinion of a state agency physician, who concluded that the medical record contained no medical examination or objective clinical finding, prior to March 31, 1995, that substantiated a disabling impairment (TR 162).

Plaintiff relies heavily upon the fact that Dr. Elie Aboulafa described her as totally disabled in a form report submitted in September 2004 (TR 174-178). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government.  Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).  However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence.  Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).  Since Dr. Aboulafa offered no objective evidence to support her conclusion of disability prior to the expiration of insured status in March 1995[2], her opinion

---

[1] The Law Judge properly did not consider claimant's peripheral vascular disease as evidence of disability during the relevant period because the DOPPLER study, which first confirmed the vascular problem, was not conducted until June 1996, well over a year after her insured status expired (TR 92). The medical evidence prior to March 1995, however, failed to indicate that the claimant suffered any symptoms, debilitating effects or functional limitations stemming from peripheral vascular disease. It is noteworthy that Plaintiff stated that her condition did not affect her ability to walk until 1996 (TR 61-62). She also indicated in March 2002, that she was still able to engage in a wide variety of activities, including grocery and clothing shopping, cooking, washing dishes, cleaning and doing the laundry (TR 63-64).

[2] The ALJ rejected the doctor's opinion, setting forth persuasive reasons for doing so (TR 10). As noted by the Law Judge, Dr. Aboulafa first examined claimant in July 1996, over a year after her insured status had expired.  Even at that time, the doctor's medical conclusions were based on medical evidence that was generated after Plaintiff's insured status had expired.  For example, Dr. Aboulafa suspected that the claimant's symptoms were related to diabetic neuropathy, which as was not diagnosed until February 1996 (TR 109). None of the doctor's medical findings related back to the period ending on March 31,

**7**

need not have been given any special weight.  Miller v. Secretary, 843 F.2d 221, 224  (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d  211, 213 (6th Cir. 1986).

Once it is determined that an applicant can perform past relevant work, she is deemed not disabled and there is no need for the testimony of a vocational expert.  Orick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992). The Sixth Circuit has ruled that a claimant can be denied benefits if she remains capable of returning to her former type of work, even if she cannot return to the actual job held in the past.  Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The Vocational Expert here testified that  Plaintiff could return to her past work as a cook, cafeteria worker or cashier, provided she was able to sit for 6 hours, stand for 6 hours and frequently carry 25 pounds (TR 202).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant could return to her past relevant work.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver

---

1995.  Moreover, Plaintiff incorrectly states that Dr. Aboulafa concluded that she needed to elevate her legs a minimum of two hours per day during an 8 hour period (See p. 10 of Plaintiff's Brief in Support of Summary Judgment). The doctor actually responded "no" when asked whether it was necessary for Plaintiff to elevate her legs (TR 175).

**8**

of any further right of appeal.  <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: January 9, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on January 9, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 9, 2006.  **None.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217